### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **MARVIN O LEONARD, JR.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00493-O-BP |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 19), filed November 17, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on June 20, 2017. ECF No. 4. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT in part and DENY in part** Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 19). The undersigned recommends that Judge O'Connor **DISMISS** Plaintiff's claim for violation of the Texas Debt Collection Act **with prejudice**.

### BACKGROUND

Plaintiff Marvin O. Leonard ("Leonard") sued Defendant JPMorgan Chase Bank, N.A. ("JPMC") for breach of contract concerning JPMC's alleged refusal to abide by the terms of a modification of a home equity note ("the Modification"). ECF No. 1-1 at 7. On June 19, 2017, JPMC timely removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1.

JPMC filed a motion to dismiss for failure to state a claim on August 21, 2017. ECF No. 8. The undersigned recommended that Judge O'Connor dismiss the complaint without prejudice

unless Leonard filed an amended complaint. ECF No. 15. Leonard filed an amended complaint on November 4, 2017, which amended his breach of contract claim and added a claim for violation of the Texas Debt Collection Act. ECF No. 16. Judge O'Connor thus denied the undersigned's recommendation as moot. ECF No. 17. The instant motion to dismiss (ECF No. 19) seeks dismissal of the amended complaint (ECF No. 16).

The following facts derive entirely from Leonard's amended complaint (ECF No. 16). On May 7, 2008, Leonard purchased the property located at 2912 England Parkway, Grand Prairie, Texas 75054 ("the Property"). ECF No. 16 at 2. In connection with this purchase, Leonard executed a note and a deed of trust with JPMC to secure a loan for $408,518. *Id.* The Property is now scheduled to be sold by the trustee. *Id.*

Concerning his breach of contract claim, Leonard alleges that, in 2013, Leonard and JPMC agreed under the Modification to amend the terms of the note such that the fixed monthly payments were to be reduced to approximately $1,300. *Id.* Leonard made his payments as agreed until 2015. *Id.* In or about June or July 2015, through a telephone agent, JPMC refused to accept a tendered payment because the system required at least $3,500. *Id.* "Because of [JPMC's] refusal to accept the agreed payment amount, [Leonard] was unable to continue making payments towards the note." *Id.*

Concerning his claim for violation of the TDCA, Leonard alleges that JPMC, through a telephone agent, confirmed the Modification's terms and represented that the Modification required payments of approximately $1,300. *Id.* at 3.

On November 17, 2017, JPMC filed a Motion to Dismiss Amended Complaint (ECF No. 19), with Brief/Memorandum (ECF No. 20) and Appendix (ECF No. 21) in support. JPMC attached to their complaint a copy of the Modification and asked the Court to take judicial notice

of the Modification. ECF Nos. 19 at 3 and 21. The undersigned hereby takes judicial notice of the attached Modification, under the rule that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing to *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). On December 14, 2017, Leonard filed a response to the Motion to Dismiss. ECF No. 29. On September 20, 2017, JPMC filed a reply in support of its motion. ECF No. 14.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott,*

*M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co.*, 313 F.3d at 329; *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"); *Parker v. Allstate Ins. Co.*, Civ. A. No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation omitted)).

## ANALYSIS

JPMC argues that Leonard's claim for breach of contract should be dismissed because he failed to allege his own performance or a breach by JPMC. JPMC next argues that Leonard's

TDCA claim should be dismissed because JPMC was not acting in debt collection or the obtaining

of information, because the claim is barred by the statute of frauds, because Leonard did not plead

actual damages, and because the claim is barred by the statute of limitations. JPMC finally requests

dismissal of Leonard's request for injunctive relief, as Leonard requested a temporary restraining

order, a temporary injunction, and a permanent injunction. The undersigned finds that Leonard's

TDCA claim should be dismissed, but that his breach of contract claim should not.

## I.    Leonard's claim for breach of contract should not be dismissed because he has adequately pleaded all elements of such a claim.

"Under Texas law, a plaintiff alleging a breach of contract must show '(1) the existence of

a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the

contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Villarreal*

*v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Wright v. Christian &*

*Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ)). "[A] plaintiff must

allege [his] own performance, because 'a party to a contract who is [himself] in default cannot

maintain a suit for its breach.'" *Id.* (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)).

In *Villareal*, the United States Court of Appeals for the Fifth Circuit upheld the district court's

dismissal under 12(b)(6) of a breach of contract claim in which the plaintiff had not pleaded facts

supporting performance of the contract on the plaintiff's part. *Id.*

Leonard has pleaded (1) the existence of a 2013 Loan Modification contract; (2) that he

paid his fixed monthly payments of approximately $1,300 until the alleged breach; (3) that JPMC

breached the contract by refusing to accept a proper, tendered payment; and (4) that as a result of

the breach JPMC claimed he was in default and attempted to foreclose on the Property. ECF No.

These allegations, while unproven at this stage, are sufficient to state a breach of contract claim.

JPMC challenges Leonard's pleading of the elements of performance and breach. ECF No. 19 at 3. The Modification, as attached by JPMC in its Appendix, required a monthly principal and interest payment amount of $1,202.17 and an estimated monthly escrow payment amount of $1,542.49, for a total of $2,744.66 per month for the period at issue. ECF No. 21-1 at 5. The Modification also states that the "escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly." *Id.* JPMC argues that Leonard's allegation that he paid approximately $1,300 per month does not sufficiently allege his performance because the Modification requires $2,744.66 per month. ECF No. 19 at 3–4. JPMC further argues that Leonard did not sufficiently allege its breach because JPMC's alleged demand of a $3,500 monthly payment could have been a permissible increase in the escrow. *Id.* at 4.

Leonard responds that if the escrow can increase or decrease when permissible by law, then nothing in the Modification contradicts the facts he alleges. ECF No. 29 at 2. He argues that it is possible he was not in breach when he paid $1,300 per month on the Modification, as that is above the fixed payment required by the Modification. *Id.* He argues that it is also possible that JPMC was in breach when it allegedly demanded $3,500, as the Modification only allows permissible increases, not increases of any kind by JPMC. *Id.* at 2–3. This argument is well-taken. The facts that Leonard alleges do not contradict the terms of the Modification and are sufficient to state a claim for breach of contract.

JPMC additionally argues that Leonard must plead facts that show that JPMC's breach resulted from an impermissible increase in the escrow. ECF No. 19 at 4. Neither party has alleged any facts as to what the escrow actually was at the time of the alleged breach or any point prior to that period, and no allegations concerning escrow appears in Leonard's Amended Complaint. Nor

has either party actually alleged that any of the various payment amounts resulted from changes in escrow, only that the Modification may allow such high or low amounts because of changes in escrow. Detailed factual arguments as to the exact amount of escrow are beyond the scope of a motion to dismiss. *See SAP Am., Inc. v. Investpic, LLC*, 260 F. Supp. 3d 705, 708 (N.D. Tex. 2017) (Kinkeade, J.) (citing *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)) ("Judgment on the pleadings is appropriate only if there are no disputed issues of facts and only questions of law remain."). Leonard's claim for breach of contract should not be dismissed.

JPMC also argued in its motion to dismiss that the Court should also dismiss Leonard's request for injunctive relief because his substantive claims fail as a matter of law and therefore there is no underlying claim. ECF No. 19 at 6. Because the undersigned recommends that Leonard's claim for breach of contract should not be dismissed, the undersigned also recommends that Leonard's request for injunctive relief should not be dismissed.

**II.    Leonard's claim for violation of the TDCA should be dismissed because Leonard has pleaded no facts that state a violation of the TDCA, the statute of frauds bars his claim, he has not pleaded actual damages as required by the TDCA, and the statute of limitations bars his claim.**

The TDCA prohibits a debt collector, "in debt collection or obtaining information concerning a consumer," from using "fraudulent, deceptive, or misleading representation that employs" the practice of "misrepresenting the character, extent, or amount of a consumer debt . . . ." Tex. Fin. Code § 392.304(a)(8). "'Debt collection' means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Tex. Fin. Code § 392.001(5). Leonard claims that JPMC violated § 392.304(a)(8) in June or July 2015, when its telephone agent confirmed the terms of the Modification and represented to him that the Modification required monthly payments of about $1,300. ECF No. 16 at 3. There are a number of problems with Leonard's TDCA claim.

7

First, Leonard does not claim that JPMC made the alleged misrepresentation in the course of an action that JPMC took to collect on his consumer debt or obtain information concerning him, as required by the statute. Leonard has alleged only the misrepresentation itself and has not alleged any facts that show JPMC was attempting to collect a debt or obtain information about him. It is even unclear from his Amended Complaint whether he called JPMC or JPMC called him. *See* ECF 16 at 3 ("As recently as June or July of 2015, Defendant, by and through a telephone agent, confirmed the terms of the loan modification and represented that the loan modification, in fact, required monthly payments of about $1,300."). Leonard's claim provides no facts that state a claim for a violation of the TDCA under § 392.304(a)(8).

Second, the statute of frauds bars Leonard's TDCA claim. "[T]he statute of frauds acts to bar certain claims of misrepresentation under the TDCA." *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x 233, 241 (5th Cir. 2014) (citing *Kruse v. Bank of N.Y. Mellon*, 936 F. Supp. 2d 790, 794–95 (N.D. Tex. 2013) (Boyle, J.)). In *Kruse v. Bank of New York Mellon*, a district court in this division granted summary judgment for the defendants on a TDCA claim that the defendants had allegedly made an oral misrepresentation that they would modify a term of the plaintiffs' loan. 936 F. Supp. 2d at 794–95. The district court noted that to allow the plaintiffs to recover under the TDCA would be to allow them to do indirectly what they could not by law do directly. *Id.* at 795.

Leonard's claim is similarly defective to that considered in *Kruse*. The principal balance of Leonard's loan at the time of the Modification was $577,384.90. ECF No. 21-1 at 4. Texas law requires a loan agreement in an amount greater than $50,000 to be in writing. Tex. Bus. & Comm. Code § 26.02(b). The alleged misrepresentation in 2015 is an oral modification of a loan agreement with a value greater than $50,000, and because this unenforceable oral modification would not allow recovery under contract law, Leonard cannot recover under the TDCA either.

Third, Leonard has not pleaded any facts on which the Court could provide a remedy for the alleged TDCA violation. A person may sue under Chapter 392 for "(1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." Tex. Fin. Code 392.403; *see also, e.g., Smith v. JPMorgan Chase Bank, N.A.*, Civ. A. No. 3:15-CV-3582-L, 2017 WL 4698471, at *6 (N.D. Tex. Oct. 19, 2017) (dismissing a claim brought under 392.308(a) because the plaintiffs did not plead actual damages); *Whatley v. AHF Fin. Services, LLC*, Civ. A. No. 4:11-CV-488, 2012 WL 7159707, at *4–5 (E.D. Tex. Dec. 17, 2012), *report and recommendation adopted*, Civ. A. No. 4:11-CV-488, 2013 WL 617050 (E.D. Tex. Feb. 19, 2013) (recommending summary judgment be granted for the defendants where plaintiff pleaded no actual damages for violations of the TDCA § 392.304(a)). Statutory damages are only allowed for violations of §§ 392.101, 392.202, or 392.301(a)(3). Tex. Fin. Code 392.403(e). Prospective injunctive relief is unneeded to restrain a single alleged misrepresentation made to Leonard in 2015, and Leonard has not pleaded any facts that show he suffered actual damages. As there is no remedy the Court can provide for the alleged TDCA violation, the claim should be dismissed.

Fourth, and finally, JPMC argues that Leonard's TDCA claim is barred by the statute of limitations. The statute of limitations for a TDCA claim is two years. *Clark et al. v. Deutsche Bank Nat'l Tr. Co., as trustee for Morgan Stanley ABS Capital I, Inc., Tr. 2006-HE3, et al.*, 16-11806, 2018 WL 507292, at *1 (5th Cir. Jan. 22, 2018); *Baker v. U.S. Bank, N.A.*, Civ. A. No. 4:16-CV-00407-O-BP, 2017 WL 1155892, at *4 (N.D. Tex. Mar. 10, 2017), *report and recommendation adopted*, Civ. A. No. 4:16-CV-00407-O-BP, 2017 WL 1133422 (N.D. Tex. Mar. 27, 2017). JPMC argues that Leonard's TDCA claim is barred because the action that allegedly violated the TDCA occurred in June or July of 2015, and Leonard did not bring his TDCA claim until he filed his

amended complaint on November 4, 2017. ECF No. 19 at 5–6. Leonard responds that his TDCA claim relates back to the same occurrences found in his original complaint filed on March 31, 2017, and thus the claim is not time-barred. ECF No. 29 at 4 (quoting *Williams v. United States*, 405 F.2d 234, 237 (5th Cir. 1968) ("As long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint, there will be no bar to amendment; even new defendants and new theories of recovery will be allowed.")). JPMC replies that Leonard's original complaint only concerned the alleged breach of a 2016 loan modification, while his amended complaint concerns a 2013 loan modification, so the complaints concern completely different transactions or occurrences. ECF No. 30 at 4. JPMC also argues that the telephone call on which Leonard bases his the TDCA claim does not appear in the original complaint. *Id.* Arguably, Leonard's two complaints concern the same occurrence as to the Modification, and though he changed the date of the Modification in his amended complaint, JPMC was on notice that his suit concerned the Modification given the similarities between the two breach of contract claims. But JPMC could not have been on notice of a TDCA violation based on the original complaint, because that complaint does not mention the telephone call or any misrepresentation by JPMC. The statute of limitations bars Leonard's TDCA claim.

Because Leonard has pleaded no facts that state a violation of the TDCA, the statute of frauds bars his claim, he has not pleaded actual damages as required by the TDCA, and the statute of limitations bars his claim, the undersigned recommends Leonard's TDCA claim be dismissed.

III.   **Leonard's TDCA claim should be dismissed with prejudice, as there exists no viable avenue for recovery for him on that claim.**

Courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329. But in order for a court to dismiss

without prejudice, the plaintiff must have some viable avenue of recovery according to which he could amend his complaint. *See Parker*, Civ. A. No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1.

Leonard has already amended his complaint once in response to a motion to dismiss. Leonard's TDCA claim is fatally flawed for the numerous reasons covered in the previous section of this recommendation. In particular, the statute of frauds and the statute of limitations are insurmountable bars to recovery on his claim. Leonard has no viable avenue of recovery on his TDCA claim; therefore, the undersigned recommends dismissal with prejudice.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT in part and DENY in part** Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 19). The undersigned recommends that Judge O'Connor **DISMISS** Plaintiff's claim for violation of the Texas Debt Collection Act **with prejudice**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      Signed January 30, 2018.

                                      _____

                                      Hal R. Ray, Jr.

                                      UNITED STATES MAGISTRATE JUDGE