IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARVIN O. LEONARD, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00493-O-BP |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On January 30, 2018, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("Jan. 30, 2018 FCR" or "FCR") in this case. ECF No. 32. The FCR recommended that this Court grant in part and deny in part Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Defendant filed an objection, ECF No. 33, and Plaintiff filed a response to Defendant's objection, ECF No. 34.

The Court has conducted a plan error review of the portions of the FCR without objections, and finding none, adopts those portions as the findings and conclusions of the Court. The Court has conducted a *de novo* review of those portions of the FCR to which Defendant objected. For the following reasons, Defendant's objection is **OVERRULED**. Accordingly, the Court **GRANTS in part and DENIES in part** Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 19).

**I.     BACKGROUND**

Plaintiff Marvin O. Leonard ("Leonard") sued Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") for breach of contract regarding JPMorgan's alleged refusal to abide by the terms of a modification (the "Modification") of Leonard's home equity note (the "Note"). Not. Removal,

Ex. A-2 (Orig. Pet.) 7, ECF No. 1-1. On June 19, 2017, JPMorgan timely removed the case to this Court on the basis of diversity jurisdiction. Def.'s Not. Removal, ECF No. 1.

JPMorgan filed a motion to dismiss for failure to state a claim on August 21, 2017. Def.'s Mot. Dismiss, ECF No. 8. The Magistrate Judge recommended that the Court dismiss the complaint without prejudice unless Leonard filed an amended complaint on or before November 6, 2017. Oct. 23, 2017 FCR 1, ECF No. 15. Leonard filed his amended complaint on November 4, 2017, in which he amended his breach of contract claim and added a claim for violation of the TDCA. Pl.'s Am. Compl., ECF No. 16. Defendant then filed the instant motion to dismiss Plaintiff's amended complaint. *See* ECF No. 19.

The following facts are taken from Leonard's amended complaint. On May 7, 2008, Leonard purchased the property located at 2912 England Parkway, Grand Prairie, Texas 75054 (the "Property"). Am. Compl. 2, ECF No. 16. In connection with this purchase, Leonard executed the Note and a deed of trust (the "Deed") with JPMorgan to secure a loan for $408,518.00. *Id.* The Property is now scheduled to be sold by an appointed trustee based on a default under the obligations of the Note and Modification *Id.*

Leonard alleges that, in 2013, Leonard and JPMorgan agreed under the Modification to amend the terms of the note such that the fixed monthly payments were to be reduced to approximately $1,300. *Id.* Leonard made his payments as agreed until 2015. *Id.* In or about June or July 2015, through a telephone agent, JPMorgan refused to accept a tendered payment because the system required at least $3,500. *Id.* "Because of [JPMorgan's] refusal to accept the agreed payment amount, [Leonard] was unable to continue making payments towards the note." *Id.* Based on these facts, Leonard alleges that JPMorgan breached the Modification agreement.

Leonard further alleges that JPMorgan, through a telephone agent, confirmed the Modification's terms and represented that the Modification required payments of approximately $1,300. *Id.* at 3. Leonard alleges that this was a false representation made in violation of the TDCA.

On November 17, 2017, JPMorgan filed its motion to dismiss Plaintiff's amended complaint. Def.'s Mot. Dismiss, ECF No. 19. JPMorgan attached a copy of the Modification and asked the Court to take judicial notice of it. Def.'s Br. Supp. Mot. Dismiss Am. Compl. 3, ECF No. 20; Def.'s App. Supp., ECF No. 21. The Court does. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)) ("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim.").

In the January 30, 2018 FCR, the Magistrate Judge recommended that this Court grant in part and deny in part Defendant's motion to dismiss. JPMorgan filed an objection (ECF No. 33) and Plaintiff filed a response to Defendant's objection (ECF No. 34). This Court will review JPMorgan's objection *de novo*.

## II. ANALYSIS OF THE OBJECTION

JPMorgan argues in its FCR objection that Leonard alleged insufficient facts to plead the performance and material breach elements of his breach of contract claim. Def.'s Obj. 2, ECF No. 33. The Court notes that JPMorgan stated the specific basis for only its performance element objection. *See id.* at 3. As such, the Court considers it alone.[1]

---

[1] "Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate

3

JPMorgan asserts that Leonard must allege "facts that would explain how [Leonard's] contractual monthly payment obligation was reduced from $2,744.66 to $1,300." *Id.* at 2. Leonard's pleading would be sufficient—JPMorgan asserts—if it was supported by "written notification lowering the monthly payment," "facts explaining how the $1,542.49 monthly escrow payment was somehow reduced to $98 monthly," or "alleg[ations] that [JPMorgan] vastly overestimated taxes on the underlying property or insurance premiums." *Id.* at 3.

But the Court finds that Leonard has alleged particular facts to support his legal assertion of performance. The Modification, as attached by JPMorgan in its appendix, required a monthly principal and interest payment amount of $1,202.17 and an estimated monthly escrow payment amount of $1,542.49, for a total of $2,744.66 per month for the period at issue. Def.'s App. Supp. Mot. Dismiss, Ex. A (Modification) 5, ECF No. 21-1. The Modification also states that the "escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly." *Id.* These terms do not preclude a low escrow payment. Leonard has not explained how the escrow amount he paid could be so low, but neither has JPMorgan explained why it accepted Leonard's $1,300 monthly payments without issue. At the pleadings stage, factual disputes must be resolved in favor of the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)")). Leonard has alleged that his monthly payment, including the fixed payment and the escrow payment, was approximately $1,300.00 per month, and that he made his monthly payments as agreed. Pl.'s Am. Compl. 2, ECF No. 16. He is not required at this stage to prove

---

judge is not specific." *See* Jan. 30, 2018 FCR 11, ECF No. 32 (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc)).

these allegations. Therefore, Leonard has sufficiently pleaded his breach of contract claim under Rule 12(b)(6). For those reasons, JPMorgan's objection is **OVERRULED**.

## III. CONCLUSION

Based on the foregoing, the FCR is **ADOPTED** as the Findings and Conclusions of the Court. It is **ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 19) is **GRANTED in part and DENIED in part**, and Plaintiff's TDCA claim is **DISMISSED with prejudice**.

**SO ORDERED** on this **7th day** of **March, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**